### LINES *v.* WILSON.

CONTRACT.—*Support of Child.*—*Pleading.*—A complaint alleged that defend-
ant agreed that if plaintiff would receive into his family a certain child, and
provide for it, defendant would pay plaintiff therefor a sum named, or a
reasonable sum, and alleged that plaintiff had so received the child and pro-
vided for it, and defendant had failed and refused to pay therefor. ·
*Held,* that the complaint stated a good cause of action.

APPEAL from the Marion Common Pleas.

PETTIT, C. J.—This suit was brought by the appellee
against the appellant. The complaint was in three para-
graphs, the substance of which is as follows:

First. That on the 25th day of August, 1868, the plaintiff, at
the special instance and request of the defendant, and upon
his promise to pay therefor at the rate of fifty dollars per
year, took into his family one John Ellsworth Crowell and
provided him with board, lodging, clothing, instruction, and
other necessaries suitable for his condition; that plaintiff
took and provided for Crowell, as agreed, for the space of
one year and ten months; asks judgment, etc.

The second paragraph says that the defendant, being the
father of a male bastard child about seven years old, named
John Ellsworth Crowell, had adopted him by the consent
of his mother; that with the knowledge, consent, and ad-
vice of the defendant and the child's mother, plaintiff took
said child into his family, and has nursed, boarded, clothed,
educated, furnished all necessaries, etc., for it, which were
worth four hundred dollars, and asks judgment.

The third paragraph says that on the 25th day of August,
1868, in consideration that the plaintiff, at the special in-
stance and request of the defendant, would receive into his
family one John Ellsworth Crowell, and provide for him
board, lodging, clothing, etc., suitable for his age, etc., the
defendant promised plaintiff to pay him a reasonable price
therefor; that plaintiff did receive and provide, etc., for
Crowell, and that it was reasonably worth, etc., and asks
judgment.

There was a demurrer to each paragraph, for want of sufficient facts; sustained as to the second, and overruled as to first and third paragraphs.

Answer of general denial to the first and third paragraphs of the complaint.

The overruling of the demurrer to the first and third paragraphs of the complaint is assigned for error. We cannot see that there was any error in this ruling. Both paragraphs show a clear and undoubted right of action.

We need not express our opinion on the sufficiency of the second paragraph of the complaint, as no question is raised thereon.

A jury was empanelled, and after the evidence was in, the defendant demurred to it, according to the old practice. The demurrer was overruled. By agreement, the jury was discharged, and the assessment of damages was submitted to the court, and was found to be seventy-eight dollars and seventy-five cents.

A motion for a new trial, based upon the admission and the rejection of evidence, was made. The evidence is not in the transcript by bill of exceptions, and we cannot, therefore, notice the questions attempted to be presented on the evidence.

The judgment is affirmed, at the costs of the appellant, with ten per cent. damages.

*P. W. Bartholomew*, for appellant.

*W. C. Lamb*, for appellee.